IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                  No. 2:11-cv-3025 LKK GGH PS

    vs.

RYAN LINDSAY BREWER,

    Defendant.              <u>ORDER and FINDINGS</u>

_____/   <u>AND RECOMMENDATIONS</u>

        Defendant is a prisoner proceeding in this action pro se. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Presently pending before the court are numerous filings, listed here in order of filing: Brewer's request for judicial notice, filed January 20, 2012; the government's motion for default judgment or alternatively for summary judgment, filed January 27, 2012; Brewer's motion to set aside entry of default, filed January 27, 2012; the government's motion to strike the answer and counterclaim, filed January 31, 2012; Brewer's "notice of verified answer and answer to plaintiff's motion to strike," filed February 2, 2012; the government's opposition to Brewer's motion to set aside default, filed February 8, 2012; Brewer's Freedom of Information Act request, filed February 10, 2012; Brewer's objection to assignment of the undersigned magistrate judge and opposition to motion to strike, filed February 14, 2012; Brewer's "verified reply to

1

plaintiff's reply in support United States of America's motion for default judgment or, alternatively, for summary judgment filed 2/21/12," filed February 28, 2012; Brewer's request for judicial notice, filed April 16, 2012; and Brewer's "amended verified reply to plaintiff's reply in support of United States of America's motion for default judgment or, alternatively, for summary judgment filed 2/21/12," filed May 14, 2012.  Each filing will be addressed as necessary.

BREWER'S OBJECTION TO THE MAGISTRATE JUDGE AS ASSIGNED JUDGE

Brewer has filed an objection to the assignment of this case to the undersigned, claiming that magistrate judges are not Article III judges and have no authority to conduct trials by jury.  Brewer seems to acknowledge that district judges may refer pretrial matters to magistrate judges without the consent of the parties.

Brewer is informed that pursuant to E.D. Local Rule 302(21), the magistrate judge is required to manage pro se cases.  This authority is granted by 28 U.S.C. § 636(b)(1).  Therefore, the fact that Brewer has not consented to a magistrate judge is of no consequence, as the district court reviews all recommended dispositions by magistrate judges.  Furthermore, the magistrate judge, absent consent, has no authority to conduct jury trials or other dispositive matters, which seems to be Brewer's primary objection.  E.D.L.R. 302(21).  Brewer's objection to a magistrate judge acting as an assigned judge is therefore denied.

MOTION TO SET ASIDE ENTRY OF DEFAULT

A. Legal Standards

Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for "good cause."  "Good cause" requires consideration of the following factors: (1) whether the defaulting party engaged in culpable conduct that led to the default; (2) whether there is a meritorious defense; or (3) whether setting aside default will prejudice the other party.  Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004), (quoting American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir.

2000)); Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986).  See also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

These factors are disjunctive, and the court may deny the motion if any of the three factors favors the defaulting party.  Franchise Holding II, LLC., 375 F.3d at 926 (quoting American Ass'n of Naturopathic Physicians, 227 F.3d at 1108).  The party seeking to set aside the entry of default has the burden to show that these factors favor such relief.  Franchise Holding II, 375 F.3d at 926.  The Ninth Circuit Court of Appeals has recently stated that the rules in this regard are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation.  United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).

1. Good Cause  The court's discretion to determine whether good cause has been shown is particularly generous where the motion seeks to set aside an entry of default, rather than a default judgment.  Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000); Mendoza, 783 F.2d at 945.  "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits."  Mesle, 615 F.3d at1091 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984)).

Leniency in setting aside a default is especially appropriate if the attorney failed the client.  Community Dental Services v. Tani, 282 F.3d 1164, 1168-69 (9th Cir. 2002).

"[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default."  Mesle, 615 F.3d at 1092.

Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that the defaulted party acted quickly to cure the default and seek relief is a strong reason for the court to exercise its discretion to set aside the default.  10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2694 (1990).  Put simply, if any good reason exists to set aside the default, the court should find good cause for doing so.

2. <u>Meritorious Defense</u>

As the burden to set aside default is not extraordinarily heavy, the moving party must allege only sufficient facts that would constitute a defense. <u>Mesle</u>, 615 F.3d at 1094. "[T]he question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. [] Rather, that question "would be the subject of the later litigation." <u>Id.</u> (quoting <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 700 (9th Cir. 2001).

3. <u>Prejudice</u>

A simple delay in resolving the case is not sufficient prejudice to require denial of a motion to set aside default. <u>TCI Group</u>, 244 F.3d at 701 (citing <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984)). "[t]he standard is whether [plaintiff's] ability to pursue his claim will be hindered." <u>Id.</u>

B. <u>Application</u>

On January 27, 2012, Brewer filed a motion to set aside the clerk's entry of default, the same date that the government filed its motion for default judgment, or alternatively for summary judgment. The record indicates that Brewer was personally served with summons on December 6, 2011. (Dkt. nos. 5, 6.) His answer was required to be filed within twenty-one days thereafter or by December 27, 2011. Fed. R. Civ. P. 12(a)(1)(A)(i). On December 28, 2011, the Government requested entry of default. On December 29, 2011, the Clerk entered default. Brewer filed his answer on January 3, 2012.

The motion to set aside entry of default is difficult to decipher but it concedes that "while defendant did not file a response with the Court in time, Defendant's conduct was excusable...." (Dkt. no. 15-1 at 5.) The motion also inconsistently, emphatically claims that service was not effectuated on December 6, 2011. Although Brewer does not state when he was served, he does state that service was defective. (Dkt. no. 15-2 at 4.) Brewer also argues that the government was not prejudiced by the timing of his answer, and that he has a meritorious

4

defense. The record indicates that Brewer signed his answer on December 30, 2011. (Dkt. no. 10.)

The Government's opposition argues prejudice in that federal employees Blackwelder and White will continue to suffer harm due to the existence of false liens against them in the public record, and the government is forced to spend limited resources on this case. It also argues that a delay in this case may encourage similar behavior by other individuals and may chill other federal employees in carrying out their official duties. The government also contends that Brewer has not shown a meritorious defense, and that his own conduct led to the delay in filing his answer because the evidence reflects personal service on December 6, 2011.

Brewer's (pro se) motion to be relieved of default demonstrates minimal support for good cause and is based upon unsupported statements; this is understandable as Brewer would know nothing about the appropriate standards for relief of default and how to present them. Nevertheless, as set forth, his facts are sufficient given his pro se status. Although the evidence indicates that Brewer was personally served on December 6th, (dkt. nos. 4, 6), he signed the form declining to consent to a magistrate judge on December 10th (dkt. no. 7), and he concedes that he did not serve his answer until December 30th (dkt. no. 15), he also insists that he was not served on December 6th. (Id.) These inconsistent facts, along with the fact that Brewer's answer was only three and a half weeks late, militate against default. As set forth above, leniency in setting aside a default is especially appropriate if the moving party does not have the benefit of legal representation. Given the above circumstances, the court finds sufficient reason to excuse the conduct of Brewer which led to the default.

Brewer's motion to be relieved of default is also devoid of a potential meritorious defense. He states only that if he prevails in his defenses, he has set forth a meritorious defense and satisfies the second good cause factor. (Dkt. no. 15-1 at 5.) Under the Mesle standard, this circular argument is not sufficient to establish a meritorious defense. Nevertheless, since Brewer is proceeding in pro se, this failure will not defeat his defense or the policy to decide this case on

the merits.

The amount of effort taken in this case is not huge. This case is just one of many brought by the government alleging the filing of false liens against federal employees. Except for its specific facts, the complaint is relative boilerplate. The only filing which plaintiff made, but which has been superseded by events, is the motion for entry of default judgment. But again, the motion to enter default judgment was fairly stock. There has been insufficient prejudice to plaintiff if this case now proceeds on the merits. Plaintiff is not hindered in any significant measure by having to prove its case at this point, especially since its motion for default judgment is brought in the alternative as a motion for summary judgment, and is already briefed. Furthermore, any prejudice to plaintiff lasted less than a month which impacts the case in only a minor way.

The undersigned is not unsympathetic to the government's protestations. Nevertheless, because the standard for setting aside entry of default is so liberal, the default should be set aside. Under the standards set forth above, the undersigned declines to make an affirmative finding of the presence of any of the three factors. Brewster is warned, however, that this recommendation is not made without great pause, as Brewster's excuses are minimally sufficient. In future, if Brewster's actions demonstrate undue delay, he is warned that such delay will be taken seriously, and may result in harsher findings for defendant and/or sanctions.

MOTION TO STRIKE ANSWER

The Government also moves to strike the answer as untimely and unintelligible, and because it contains immaterial and impertinent matter, and fails to comply with Fed. R. Civ. P. 8. Brewer filed two answers, on January 3, 2012 and January 5, 2012. (Dkt. nos. 10, 11.) The second filed answer is the same as the first answer, except that it contains an additional page, consisting of a document seemingly issued by the Secretary of State for the State of California, certifying that Rajnish Malhotra is a notary public. See dkt. no. 11 at 23. This page is irrelevant and unnecessary to the answer. Moreover, Brewer has agreed to the striking of one of his

answers, indicating that the one of them was filed by mistake.  Therefore, the first filed answer will go forward.  The answer, filed January 5, 2012, (dkt. no. 11), shall be stricken as duplicative.

As to the merits of the government's motion, Brewer's untimely answer will be accepted for the reasons stated in regard to the motion to set aside entry of default.  The fact that the answer is unintelligible and contains matter that is immaterial and impertinent will be excused based on Brewer's pro se status.

MOTION FOR DEFAULT JUDGMENT OR SUMMARY JUDGMENT

Based on the aforementioned findings, the government's motion for default judgment will be considered in the alternative as a motion for summary judgment.[1]  Brewer has filed a document which purports to be an opposition, (dkt. nos. 21, 23).  As with all of Brewer's previous filings, this document is incomprehensible, unintelligible, and does not comply with federal and local rules.  Therefore, Brewer will be given one more opportunity to file an opposition to the government's motion for summary judgment, with the following advisement that is utilized in prisoner cases:[2]

Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby informs defendant of the following requirements for opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  Such a motion is a request for an order for judgment in favor of the plaintiff without trial.  A

---

[1] The motion refers to Brewer's bankruptcy cases, at least one of which was active at the time the motion was filed.  Although a pending bankruptcy case might require a stay of the instant proceeding; 11 U.S.C. § 541(a)(1), the undersigned has reviewed the dockets of the cases referenced by the government, and all three cases are now closed.  See In re Brewer, No. 10-63438-B-7, Adv. Proc. no. 11-01299, Adv. Proc. no. 11-01014.  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  The government has recently reported these closures and the bankruptcy court's order enjoining Brewer from filing further adversary proceedings without prior approval of the Bankruptcy Court.  Pl.'s Reply, filed February 21, 2012, at 2 n. 1 (dkt. no. 22).

[2] The government previously gave Brewer a similar advisement in its notice of motion filed January 27, 2012, (dkt. no. 14 at 2); however, the court provides another more complete advisement out of an abundance of caution.

plaintiff's motion for summary judgment will set forth the facts that the plaintiff contends are not reasonably subject to dispute and that entitle the plaintiff to judgment. To oppose a motion for summary judgment, defendant must show proof of his defenses. Defendant may do this in one or more of the following ways. Defendant may rely on defendant's statements made under penalty of perjury in the operative answer if that answer shows that defendant has personal knowledge of the matters stated and defendant specifies those parts of the operative complaint on which defendant relies. Defendant may serve and file one or more affidavits or declarations setting forth the facts that defendant believes supports defendant's defense; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.[3] Defendant may rely on written records, but defendant must prove that the records are what defendant asserts they are. Defendant may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If defendant fails to contradict the plaintiff's evidence with counteraffidavits or other admissible evidence, the court may accept plaintiff's evidence as true and grant the motion. If there is some good reason why such facts are not available to defendant when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the plaintiff's motion. See Fed. R. Civ. P. 56(d). If defendant does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the plaintiff's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the plaintiff without a trial and the case will be closed.

      Brewer is additionally advised in particular that any opposition that is unintelligible, incomprehensible, in violation of local or federal rules, or that does not address plaintiff's motion, will result in a recommendation that the motion for summary judgment be

---

[3] Unsigned affidavits or declarations will be stricken, and affidavits or declarations not signed under penalty of perjury have no evidentiary value.

granted. As soon as Brewer files his opposition, the motion for summary judgment will be decided.

BREWER'S EXTRANEOUS FILINGS AND FILING LIMITATION

Brewer has filed numerous frivolous filings, including two requests for judicial notice, filed January 20 and April 16, 2012, (dkt. nos. 13, 24), and a FOIA request, filed February 10, 2012 (dkt. no. 20). All of these requests are either unintelligible or pertain to irrelevant matters, and will be stricken.

These filings point out the inordinate number of filings in this case by defendant, many of which unnecessarily cause plaintiff to file a response. All of Brewer's filings thus far are frivolous, incomprehensible and/or pertain to irrelevant matters. Therefore, Brewer's future filings will be limited as follows. Brewer shall make no other filings in this case, other than the required opposition to plaintiff's motion for summary judgment, until resolution of the motion for summary judgment or further order of the court. Any filings by Brewer exceeding these limitations will be stricken. Further excessive filing will result in a recommendation that the answer be stricken.

CONCLUSION

Accordingly, IT IS ORDERED that:

1. Brewer's objection to a magistrate judge acting as an assigned judge, filed February 14, 2012, (dkt. no. 21), is denied.

2. The government's motion to strike, filed January 31, 2012, (dkt. no. 16), is denied.

3. Brewer's second filed answer, filed January 5, 2012, (dkt. no. 11), is stricken.

4. Brewer shall file an opposition to plaintiff's summary judgment motion within twenty-eight (28) days of this order.

5. Brewer's requests for judicial notice, filed January 20 and April 16, 2012, (dkt. nos. 13, 24), and FOIA request, filed February 10, 2012 (dkt. no. 20), are stricken.

   6. Brewer shall file no documents other than an opposition to the motion for summary judgment, and supporting documents, until resolution of the motion for summary judgment or further order of the court.

   7. Failure to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, will result in a recommendation that the answer be stricken.

   IT IS RECOMMENDED that: Brewer's motion to set aside entry of default, filed January 27, 2012, (dkt. no. 15), be granted.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 21, 2012

           <u>/s/ Gregory G. Hollows</u>
           UNITED STATES MAGISTRATE JUDGE

GGH:076/USBrew3025.ord.wpd