IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                    No. 2:11-cv-3025 LKK GGH PS

    vs.

RYAN LINDSAY BREWER,

    Defendant.                FINDINGS

                                /      AND RECOMMENDATIONS

        Defendant is a prisoner proceeding in this action pro se.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

        Presently before the court is the government's motion for summary judgment, filed January 27, 2012.[1]  Brewer has filed an opposition and "motion for summary judgment." After reviewing the filings, the court now issues the following findings and recommendations.

BACKGROUND

        The government brought this action for declaratory judgment and injunctive relief on November 14, 2011, alleging that Brewer filed false UCC-1 financing statements with the

---

[1] The government's motion was brought in the alternative as a motion for default judgment; however, for the reasons stated in the order and findings and recommendations filed May 21, 2012, it will be treated as a motion for summary judgment.

1

California Secretary of State against federal employees Wayne Blackwelder, Clerk of the United States Bankruptcy Court for the Eastern District of California, and Clifford J. White III, Director of the Executive Office of U.S. Trustees in Washington, D.C., and others. (Compl. ¶¶ 15, 16.) The government seeks a declaration to the effect that the false financing statements are null and void, and an order directing that the liens be expunged, as well as an order enjoining Brewer from filing any other similar documents against federal employees.

On May 21, 2012, the court recommended that Brewer's motion to set aside entry of default be granted. Based on this recommendation, the court determined to consider the government's motion for default judgment in the alternative as a motion for summary judgment. On June 20, 2012, the district court adopted the findings and recommendations and granted defendant's motion to set aside entry of default.

DISCUSSION

I. Legal Standard for Summary Judgment

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case,

1   and on which that party will bear the burden of proof at trial.  See id. at 322, 106 S. Ct. at 2552.
2   "[A] complete failure of proof concerning an essential element of the nonmoving party's case
3   necessarily renders all other facts immaterial." Id.  In such a circumstance, summary judgment
4   should be granted, "so long as whatever is before the district court demonstrates that the standard
5   for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at
6   2553.

7   If the moving party meets its initial responsibility, the burden then shifts to the
8   opposing party to establish that a genuine issue as to any material fact actually does exist.  See
9   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356
10  (1986).  In attempting to establish the existence of this factual dispute, the opposing party may
11  not rely upon the allegations or denials of its pleadings but is required to tender evidence of
12  specific facts in the form of affidavits, and/or admissible discovery material, in support of its
13  contention that the dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11,
14  106 S. Ct. at 1356 n. 11.  The opposing party must demonstrate that the fact in contention is
15  material, i.e., a fact that might affect the outcome of the suit under the governing law, see
16  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec.
17  Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the
18  dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the
19  nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

20  In the endeavor to establish the existence of a factual dispute, the opposing party
21  need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
22  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
23  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
24  judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
25  genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P.
26  56(e) advisory committee's note on 1963 amendments).

1           In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

           On May 21, 2012, the court advised defendant of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). See also Woods v. Carey, __F.3d__, 2012 WL 2626912 (9th Cir. 2012) (requiring that Rand notice be contemporaneous with summary judgment motions).

            In Thomas v. Ponder, 611 F.3d 1144 (9th Cir. 2010), the district courts were cautioned to "construe liberally motion papers and pleadings filed by *pro se* inmates and ... avoid applying summary judgment rules strictly." Id. at 1150. No example or further definition of "liberal" construction or "too strict" application of rules was given in Ponder suggesting that any jurist would know inherently when to dispense with the wording of rules. Since the application of any rule which results in adverse consequences to the pro se inmate could always be construed in hindsight as not liberal enough a construction, or too strict an application, it appears that only the essentials of summary judgment, i.e., declarations or testimony under oath, and presentation of evidence not grossly at odds with rules of evidence, need be submitted by the pro se party.

4

II. Undisputed Facts[2]

Brewer filed three false documents on December 7, 2010 and August 16, 2011, falsely describing White in the first filing as a debtor in the amount of one billion dollars ($1,000,000,000), and falsely describing him as a debtor in the amount of seven hundred million dollars ($700,000,000) in the second and third filing, both of which were filed on August 16, 2011. (Compl. ¶¶ 11, 13, 14, Exs. A, B, C.) Brewer filed two false filings on August 16, 2011, representing in each filing that Blackwelder was a debtor in the amount of seven hundred million dollars. (Id. at ¶¶ 13, 14, Exs. B, C.) White and Blackwelder are both federal employees. White is the Director of the executive Office of the United States Trustees in Washington, D.C. (White Decl., ¶ 1.) Blackwelder is the Clerk of the Court for the United States Bankruptcy Court for the Eastern District of California. (Blackwelder Decl., ¶ 1.) According to Blackwelder's declaration, Brewer was a debtor in a Chapter 7 bankruptcy case in the Eastern District of California. (Id. at ¶ 4.) Both White and Blackwelder have never met or spoken to Brewer, have never entered into any agreement with Brewer, are not indebted to Brewer, did not authorize Brewer to file a UCC-1 Financing Statement against them, and had no involvement in Brewer's bankruptcy case. (Blackwelder Decl., ¶¶ 3, 4, 5, 6, 7; White Decl., ¶¶ 4, 5, 6, 7, 8.)

III. Analysis

Brewer's opposition does not address the summary judgment motion. He makes numerous nonsensical arguments, including the conclusory statement that the government has not met its burden. Brewer states in part:

> [A] public record demonstrates that a [constructive] bailment was created based on the offered contract [citation omitted] & oaths of the third party dependants that the undersigned accepting and relied upon to deliver certain instruments and personal property (i.e. signature: see attached statement of interest Financing Statement #) for the adjustment of certain accounts; and the fact that the

---

[2] Because Brewer has not submitted undisputed facts, but has only disputed the government's version of the facts, the court has set forth those facts which cannot be reasonably disputed based on a review of the record as a whole.

5

1
2
>           alternative designation of the financing statement created this
>           bailment instead of the argument by the plaintiff that they have
>           been named 'debtors'. [Sic].

(Opp. at 3.) Brewer further contends that the declaration of Robert Hawkins amounts to "hearsay statements, conclusionary averments, unfounded self-serving declarations, speculation or conjecture." (Id.) He also claims that the plaintiff has failed to exhaust administrative remedies before bringing this action. Brewer offers to pay all costs lost by the court and "respective actors" in this case, as a bond "in lieu of continued arrest and continued detention of Ryan Lindsay Brewer." (Id. at 4.) Additionally, Brewer claims that bailees Blackwelder, White and Hawkins owed a duty of care which they failed to carry out and therefore they are absolutely responsible for "retaining the deposit of the instrument for over one year." (Id. at 5.)

Subsection (a) of 26 U.S.C. § 7402 ("section 7402") empowers district courts "to make and issue in civil actions, writs and orders of injunction ... and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." Section 7402(a) empowers a district court "to void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir.1985). See also U.S. v. Barker, 19 F.Supp.2d 1380, 1383 (S.D. Ga. 1998) (courts have power to protect officials from harassment through liens filed by tax protesters and prisoners).

Under applicable California law, a lien is created by a parties' contract or operation of law. Cal. Civ. Code, § 2881. Based on the complaint and supporting declarations, the court finds that Brewer's actions were solely to retaliate against Bankruptcy officials for his troubles relating to his bankruptcy case. Brewer filed the financing statements to harass White and Blackwelder. The court finds that both White and Blackwelder are not indebted to Brewer, and executed no security agreement in Brewer's favor. Pursuant to section 7402, the undersigned declares the financing statements void.

/////

<u>Injunction</u>

The government additionally seeks a permanent injunction to prevent Brewer from filing similar documents against government employees. Injunctive relief is available to a party who demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." <u>eBay, Inc. v. MercExchange, LLC.</u>, 547 U.S. 388, 126 S.Ct. 1837 (2006).

By filing the false UCC Financing Statement, Brewer has exposed at least two federal government officials to irreparable harm. Such false information requires the government to expend considerable cost in defending its employees from harassment, especially in light of its limited resources. These employees may suffer damage to their credit ratings if the liens are not expunged. Having to bring this action to address these false liens interferes with the officials' abilities to carry out their official duties.

According to the government, Brewer has filed multiple lawsuits against state and federal government officials, and cites ten such actions filed by Brewer in 2010 and 2011 alone. (Mot. at 9 n. 4.) The financing liens that are the subject of the instant case, along with Brewer's other lawsuits, indicate that Brewer is unlikely to stop this harassing behavior, and that a remedy at law is inadequate.

The balance of hardships weighs in favor of the government. If an injunction is not granted, these government officials will continue to suffer harm. Brewer, on the other hand, is not injured at all since the financing statements are void and an injunction barring him from filing similar frivolous, malicious, and non-consensual liens in future will not harm him.

The public has an interest in the efficient administration of government, without a burden imposed on their civil servants to defend against illegal liens which distracts them from their duties. Furthermore, the public is better served without the additional cost and expenditure

of time by government counsel having to represent government officials in these types of proceedings.  The government has shown that Brewer must be enjoined from further harassment of federal employees.

CONCLUSION

        Accordingly, IT IS HEREBY RECOMMENDED that:

    1. The government's motion for summary judgment, filed January 27, 2012, (dkt. no. 14), be granted in its entirety;

    2. Brewer's cross-motion for summary judgment, filed June 15, 2012, (dkt. no. 29), be denied;

    3. The following UCC-1 Financing Statements be declared null, void, and of no legal effect, and the Secretary of State of California be hereby directed to expunge them from her records as follows:

        A.  UCC Financing Statement, Filing Number 10-7253628993, filed December 7, 2010, by Ryan Lindsay Brewer against Clifford J. White III, Director of the Executive Office for United States Trustees;

        B.  UCC Financing Statement, Filing Number 11-7281678768, filed August 16, 2011, by Ryan Lindsay Brewer against Wayne Blackwelder, Clerk of Court, United States Bankruptcy Court, Eastern District of California, and Clifford J. White III;

        C.  UCC Financing Statement, Filing Number 11-7281679153, filed August 16, 2011, by Ryan Lindsay Brewer against Wayne Blackwelder and Clifford J. White III;

    4. Leave be granted for plaintiff to file the judgment and order of this court with the California Secretary of State and in the public records of any other jurisdiction where documents identical or similar to the above specified UCC Financing Statements have or may have been filed by defendant;

    5. Defendant Ryan Lindsay Brewer, his agents, employees, and all others acting in active concert or participation with him, be permanently enjoined from filing, or attempting to file, any

1  document or instrument which purports to create or reflect any non-consensual lien or
2  encumbrance against the person or property of the above-named court officers, or other
3  employees or officers of the United States.  This permanent injunction should not prevent Brewer
4  from applying to any state or federal court of competent jurisdiction in order to obtain relief of
5  any non-frivolous legal claim, and this injunction should not apply to or prohibit liens lawfully
6  created by any judgment of a court of competent jurisdiction; and

7        6.   This case be closed.

8        These findings and recommendations are submitted to the United States District
9  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
10 fourteen (14) days after being served with these findings and recommendations, any party may
11 file written objections with the court and serve a copy on all parties.  Such a document should be
12 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
13 objections shall be served and filed within seven (7) days after service of the objections.  The
14 parties are advised that failure to file objections within the specified time may waive the right to
15 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
16 DATED: July 10, 2012

17                 /s/ Gregory G. Hollows
             UNITED STATES MAGISTRATE JUDGE

21 GGH:076/USBrew3025.fr.wpd